Dear Mr. Langlinais:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of the Abbeville Country Club.
It should be noted that the authority to determine exemptions from the payment of ad valorem taxes rests exclusively with the Louisiana Tax Commission or its successor, and finally with the courts, all in accordance with procedures established by law. See Article VII, Section 18(E) of the 1974 Louisiana Constitution and Attorney General Opinion Nos. 94-419, 93-632, 93-488, 93-392, 92-660, 89-599 and 86-529. While this office does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making such a determination.
Further, and as you are probably aware, the jurisprudence of this state has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any plausible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata HaynieCorp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), Writ Denied.
Article VII, Section 21(B)(3) provides, in pertinent part, the following:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
 (3) property of an organization such as a lodge or club organized for charitable and fraternal purposes and practicing the same . . . ." ( Emphasis added.)
Initially, it should be noted that country and social club activities are seldom afforded exemption under the definition of a "charitable and fraternal" organization referred to in the above quoted constitutional provision. This office has consistently interpreted this constitutional language to require that an organization have both charitable and fraternal
purposes to enjoy an exemption through its provisions. In accord are Attorney General Opinion Nos. 94-419, 79-861, 79-861A and 89-350.
In addition, the fact that the organization may enjoy state and/or federal exemptions from the payment of income tax is not controlling. In accord is Attorney General Opinion No. 79-861A.
Your opinion request does not mention, nor does it include excerpts from, the Articles of Incorporation and/or By-Laws of the Abbeville Country Club. We recommend that you procure a copy of, and review same, before making your determination. Once you have reviewed these documents, please do not hesitate to contact us for any additional questions you may have.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________ ROBERT E. HARROUN, III Assistant Attorney General